**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION-FLINT**

IN RE: Jeffrey Hurley &
       Lyn Hurley                             **CHAPTER 13**
                                        **CASE NO: 10-35686**
           **Debtor(s)**                  **Hon. Daniel S. Opperman**
_____/

**TRUSTEE'S OBJECTIONS TO CONFIRMATION OF PLAN**

Now comes the Chapter 13 Trustee and in response to the Debtor(s) proposed Chapter 13 plan the Trustee objects to the same for the following reasons:

1. Debtor is ineligible to be a debtor in Chapter 13. Debtors schedule Donald Currie Revocable Trust having an unsecured claim in the amount of $40,000.00; upon information and belief this creditor's actual claim exceeds $360,425.00. Debtors' unsecured debts exceed the limits provided by 11 U.S.C. 109(e).

2. Debtor proposes to pay 0% of income tax refunds. The Trustee requests that the debtor commit 100% of income tax refunds to the plan.

3. Debtors paid $1,300.00 in income tax withholding in 2009 and received an $8,191.00 tax refund. The Trustee requests that the debtor's pro rate their refund in Schedule I and increase plan funding by $100.00 monthly.

4. Debtor has been delinquent in property taxes due on debtors' residence and commercial property. The Trustee requests that property taxes be escrowed through the plan and plan funding be increased by $583.33 monthly.

5. Debtor operates a small farming operation. Debtor claims over 20 head of cattle and a flock of chickens, but fails to claim any expenses associated with the care and maintenance of the farm or animals. The Trustee objects to Schedule J as inaccurately stating debtor's expenses.

6. Debtor operates a small farming operation, claiming that it generates no income in 2010. Debtor's 2009 Income tax return indicates 2009 Farm Income in the amount of $15,532.00 or $1,294.00 monthly income. The Trustee objects to the operation of a farm, and the maintenance of livestock as an expense that is unreasonable and unnecessary to the debtors' reorganization.

7. Debtor owns commercial real estate consisting of a three unit retail rental space. The property requires full occupancy to generate positive cash flow. Only one unit is rented, generating $800.00 monthly income. The property costs the debtor a minimum of $1,870.00 monthly to pay the associated mortgage, taxes, insurance and utilities. The Trustee requests the property be abandoned and the plan payment be increased by $1,870.00.

8. Debtor is purchasing their residence/farm on land contract. The trustee objects to the treatment of the debtors contact as a Class 2 Continuing Claim. A review of the contract reveals that the land contract becomes due in 2013, and thus does not continue beyond the stated plan term.

9. The Trustee objects to the plan because the debtor does not have sufficient current income to fund a feasible plan. The plan provides for increases in monthly plan payments at 12 month intervals. Debtor alleges that he does not have this income and the increased funding is contingent upon uncertain future events.

10. Debtor is an owner of several business entities. Debtor has failed to provide the Trustee with complete financial records, including balance sheet, record of all income, draws on equity, and expenses, wages of employees, etc.

11. The Trustee requests account statements for each business that the debtor has any ownership, including all checking, savings, and other financial accounts for the period of 1 year prior to the petition to the present.

12. The Trustee requests account statements for each of debtors' personal checking, savings, and other financial accounts for the period of 1 year prior to the petition to the present.

13. Trustee requests the debtor amend their Statement of Financial Affairs to report all personal income from wages and all rental, business, farm income for past 3 years.

14. Trustee requests the debtor prepare an appropriate wage order or ACH order and ACH debit form.

Wherefore, the Chapter 13 Trustee requests that the proposed modification of the present plan be denied and that the case be dismissed pursuant to 11 U.S.C. 109(e).

Dated: November 22, 2010

/s/ Mark E. Bredow
Staff Attorney to Carl L. Bekofske
Chapter 13 Trustee
400 N. Saginaw Street, Ste. 331
Flint, MI 48502
(810) 238-4675
ecf@flint13.com
P 49744