IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION—FLINT

*In re*: Jeffrey David Hurley & Lyn Marie Hurley,

DEBTORS.

CHAPTER 13

CASE NO. 10-35686-dof

_____/

# **CREDITOR'S OBJECTIONS TO CHAPTER 13 PLAN**

The Donald K. Currie Revocable Trust U/A/D 07/28/1998 (hereinafter "Creditor"), by Daniel Raetchi of Howard & Howard Attorneys PLLC, and Steinberg Shapiro & Clark its co-counsel, hereby objects to the Debtor's Chapter 13 Plan of Reorganization for the following reasons:

**1.** The Debtor filed his voluntary petition for relief under Chapter 13 of the Bankruptcy Code on October 25, 2010 (the "Petition Date").

**2.** As of the Petition Date, the Creditor is the holder of a secured claim in the amount of $386,534.69, plus collection costs, including reasonable attorneys' fees, which is secured by a security interest in all assets of the Debtor (the "Collateral").

**3.** The secured claim arises out of a Settlement and Release Agreement, dated June 30, 2003 ("Settlement Agreement") (**Exhibit 1)** and a Stipulated Order of Dismissal Without Prejudice, dated July 10, 2003 ("Stipulated Order") **(Exhibit 2).**

    **a.** As admitted by the Debtors in the Stipulated Order and the Settlement Agreement, Debtor:

    Lyn Hurley with the knowledge of Jeffrey Hurley, wrote numerous checks for the benefit of herself, Jeffrey Hurley and/or [various] Corporate Entities [owned by the Debtors] using funds belonging to Currie [Associates, Inc. ("Currie")]. In so doing, Lyn Hurley forged the signature of an authorized representative of Currie. Further in so doing, Lyn Hurley fraudulently entered these transactions in Currie's books and records so as to conceal her wrongful actions.

    … The Misappropriated Funds were used, directly or indirectly for the benefit of [the] Hurleys and/or the[ir] Corporate Entities.

    The facts set forth hereunder are intended to have collateral estoppel effect in any bankruptcy proceeding involving Lyn Hurley, Jeffrey Hurley and/or

any of the Corporate Entities.

    b. The Settlement Agreement required the Hurley to pay the "total sum of $424,724.00 plus interest at the rate of 8%." **Exhibit 1**, p. 2. The Settlement Agreement obligation was secured by the following:

    B. An Assignment of Purchaser's Interest in Land Contract as Security granted to Currie on the 75 acre parcel of real property located at 5378 Wilson Road, Columbiaville, MI ....

…

    D. An Assignment of Purchaser's Interest in Land Contract as Security granted to Currie on the real property located at 303 W. Nepessing Street, Lapeer, Michigan, 48446 …. [Subsequent to the Settlement Agreement the Debtors granted Currie a mortgage on the 303 W. Nepessing Street property]

    E. An Assignment of Leases and Rents granted to Currie on the real property located at 303 W. Nepessing Street, Lapeer, Michigan, 48446 in the form attached hereto as Exhibit F….

…

    K. A Pledge Agreement granting Hurley's ownership interests in the Corporate Entities ....

    L. Such further documents as Currie may reasonably feel are necessary to protect and secure the obligations owed to it, including UCC documents, financing statements, etc.

    c. The Stipulated Order, the Settlement Agreement, and all related documents, including the security documents were assigned to the Donald K. Currie Revocable Trust U/A/D 07/28/1998 (**Exhibit 3**) and the Debtors made monthly payments to Creditor from December 2007 through the Petition Date

**4.** Creditor objects to the Plan to the extent it attempts to discharge any portion of Debtor's indebtedness to Creditor not paid through the Plan, given the fact that the Debtor's indebtedness Creditor is not dischargeable under Sections 523(a)(2) and 523(a)(4) as a debt "for money, property … obtained by false pretenses, a false representation and actual fraud" and arises from the admitted larceny of Lyn Hurley.

**5.** The Plan fails to meet the requirements of Section 1325(a)(3)(B) of the Bankruptcy Code in that it has not been proposed in good faith because it does not list all of Debtor's income.

    a. The Plan, on Schedule I, item 8, only lists $800 of Rental Income. However, on or about September 23, 2010, the Hurley provided a list of their income in which they listed that they are receiving $289 per month from J4 Development Consultants, LLC ("J4"), (**Exhibit 4**) an entity controlled by Mr. Hurley (**Exhibit 5).**

    b. The Plan on Schedule I, item 7, lists $0 as the income from operation of a farm or business. However, the Hurleys have a 75 acre farm, over 20 head of cattle, and

- 2 -
1710948v1
10-35686-dof   Doc 22   Filed 12/06/10   Entered 12/06/10 17:26:12   Page 2 of 4

expenses related to the operation of the farm, yet show $0 income as being derived from their operation of the farm. Additionally, on or about September 23, 2010, the Hurley provided a list of their income in which they listed that they are earning approximately $1,000 per month from J4. (**Exhibit 4**).

**6.** The Plan fails to meet the requirements of Section 1325(a)(5)(B) of the Bankruptcy Code with respect to the secured claim of the Creditor.

    **a.** The Plan incorrectly states the amount of the obligation to Creditor, which is $386,534.69, and lists the debt as unsecured despite the security, including the mortgage, agreements, attached as **Exhibit 6**, and the filing of financing statements by the Creditor, attached as **Exhibit 7**.

    **b.** As of the effective date of the Plan, the total present value of the property to be distributed under the Plan on account of the Creditor's secured claim is less than the allowed amount of the Creditor's claim.

    **c.** The Plan proposes to modify the Creditor's rights by changing the interest rate, amortization schedule and due date of the obligation of the Debtors. As a result of the proposed changes, the present dollar value at confirmation of the property to be distributed in the future does not equal the amount of the Creditor's secured claim.

**7.** The Plan fails to meet the feasibility requirements of Section 1325(a)(6). Nothing is attached to or explained in the Debtor's Plan to disclose how Debtor will increase its income so as to be able to pay the Creditor as proposed in the Plan.

**8.** The Donald K. Currie Revocable Trust U/A/D 07/28/1998 also concurs in the Trustee's Objections to the Plan filed by the Chapter 13 Trustee.

WHEREFORE, the Donald K. Currie Revocable Trust U/A/D 07/28/1998 respectfully moves that the Plan not be confirmed and for such other relief as the Court deems proper.

Dated: December 6, 2010

                             **Donald K. Currie Revocable Trust U/A/D 07/28/1998**

                             /s/     Daniel Raetchi
                             Daniel Raetchi
                             Co-counsel for the Creditor
                             Howard & Howard Attorneys PLLC
                             450 West Fourth Street
                             Royal Oak, MI 48067
                             Telephone:   (248) 672-1483
                             Facsimile:    (248) 645-1568
                             Email:         draetchi@HowardandHoward.com

Steinberg Shapiro & Clark

   /s/   Mark H. Shapiro
Mark H. Shapiro (P43134)
Co-counsel for the Creditor
25925 Telegraph Road
Ste. 203
Southfield, MI 48033
(248) 352-4700
shapiro@ssc-law.com

1710948v1