**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION-FLINT**

IN RE: Jeffrey Hurley &
       Lyn Hurley                                CHAPTER 13
                                                                CASE NO: 10-35686
              Debtor(s)                      Hon. Daniel S. Opperman
_____/

**SECOND AMENDED**
**TRUSTEE'S OBJECTIONS TO CONFIRMATION OF PLAN**

Now comes the Chapter 13 Trustee and in response to the Debtor(s) proposed Chapter 13 plan the Trustee objects to the same for the following reasons:

1. Trustee objects to Amended Schedule J. Debtor's housing expense is listed at $1,300.00, while debtor's plan lists the payment as $1,126.00. Trustee requests plan payment increase by $174.00 monthly.

2. Trustee objects to Amended Schedule J. Trustee objects to $375.00 in business taxes. Debtor proposes to surrender the 303 Nepessing property. To the extent it is not property taxes but estimated tax, the amount is excessive because the Debtor claims only $800.00 in business income. Trustee requests plan payment increase by $375.00 monthly.

3. The Trustee objects to debtor's omission of $800.00 rental income on 303 Nepessing. Debtor continues to or should continue to collect the rent until such time as the property is transfer to new owners.

4. Trustee objects to Self-employment income stated to be $800.00, as understated. The debtor averages 2011 income but has not provided bank statements or business records to verify this amount. According to the debtor's bank statements, the debtors averaged $4,912.50 from non-rent business income from June 1, 2020 through 12/31/2010. Furthermore, during the same period, debtor appears to have used the business checking for personal expenditures, and transferred an average of $4,213.94 from the business account to their personal account. In November and December 2010 the debtor transferred an average of $1,583.00 from business to personal use. The Trustee requests the debtor provide 2011 business and bank records, and increase his plan payment by $700.00.

5. The debtors have failed to provide itemized business income and expenses as required by the order of February 24, 2011.

6. Debtors paid $1,300.00 in income tax withholding in 2009 and received an $8,191.00 tax refund. The Trustee requests that the debtor's pro rate their refund in Schedule I and increase plan funding by $100.00 monthly.

7. Debtor has been delinquent in property taxes due on debtors' residence and commercial property. The Trustee requests that property taxes be escrowed through the plan and plan funding be increased by $583.33 monthly.

8. Debtor operates a small farming operation. Debtor claims over 20 head of cattle and a flock of chickens, but fails to claim any expenses associated with the care and maintenance of the farm or animals. The Trustee objects to Schedule J as inaccurately stating debtor's expenses.

9. Debtor maintains farm animals for meat. The Trustee objects to the maintenance of livestock as an expense that is unreasonable and unnecessary to the debtors' reorganization.

10. Debtor is purchasing their residence/farm on land contract. The trustee objects to the treatment of the debtors contact as a Class 2 Continuing Claim. A review of the contract reveals that the land contract becomes due in 2013, and thus does not continue beyond the stated plan term.

11. The Trustee objects to the plan because the debtor does not have sufficient current income to fund a feasible plan. The plan provides for increases in monthly plan payments at 12 month intervals. Debtor alleges that he does not have this income and the increased funding is contingent upon uncertain future events.

12. Debtor is an owner of several business entities. Debtor has failed to provide the Trustee with complete financial records, including balance sheet, record of all income, draws on equity, and expenses, wages of employees, etc.

13. Trustee requests the debtor amend their Statement of Financial Affairs to report all personal income from wages and all rental, business, farm income for past 3 years.

Wherefore, the Chapter 13 Trustee requests that the proposed modification of the present plan be denied.

Dated: March 25, 2011           /s/Carl L. Bekofske/mb_____
                                Carl L. Bekofske (P10645)
                                By Mark Bredow (P49744)
                                Chapter 13 Trustee
                                400 N. Saginaw St., Ste. 331
                                Flint, MI  48501
                                810.238.4675
                                ECF@flint13.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

IN THE MATTER OF:          CASE NO: 10-35686

Jeffrey D. and Lyn M. Hurley

                           CHAPTER 13 PROCEEDINGS
DEBTOR (S)                 JUDGE OPPERMAN
_____/

**CERTIFICATE OF SERVICE**

The undersigned states that on March 25, 2011, the <u>Chapter 13 Trustee's Second Amended Objection to Confirmation</u>, was filed with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

David W. Brown, Attorney for Debtor at dbrownatt@sbcglobal.net.

       /s/Sherry A. Beasinger
       Chapter 13 Trustee's Office
       400 N. Saginaw Street, Ste. 331
       Flint, MI  48502
       810 238 4675
       ECF@flint13.com