UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

In Re:
Jeffrey D. Hurley and
Lyn M. Hurley,
   Debtor(s).
_____/

Case No. 10-35686
Chapter 13
Honorable: Daniel Opperman

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

NOW COMES the Movants, Gary Plumb and Nancy Plumb, by and through their attorney, Martin W. Hable, and move for Lift of Stay and lift of any co-debtor stay, and, in support thereof states as follows:

1. The Movants are the holders of a Land Contract dated January 4, 2000 and modified on January 19, 2010 by and between the Movants and the Debtors for the purchase of real property commonly known as 5378 Wilson Rd., Columbiaville, MI 48421 and more particularly described on the Legal Description Rider attached to the said Land Contract. See the Land Contract and Modification attached hereto.

2. The Debtors filed their Chapter 13 Bankruptcy on October 25, 2010.

3. Pursuant to 11 U.S.C. 362(d)(1), upon request of a party in interest, the Court shall grant relief from the stay for cause, including lack of adequate protection of an interest in property of such party in interest.

4. The Debtors' Modified Plan was confirmed on May 22, 2012 and such Plan called for the Debtors to make to make their monthly land contract payments of $1,126.00 directly to the land contract holder, Gary Plum(b) (sic).

5. The Debtors' Original and Modified Plans also called for the payment, through the Plan of certain real property taxes due on the subject land contract property. The 2009 real

property taxes on the subject real property remain unpaid. See the Delinquent Tax Notice attached hereto.

6. Contrary to their Plan obligations, the Debtors have failed to pay the post-petition, 2013 real property taxes and $2,208.75 is due on the same if paid by 9-30-2014. The 2009 real property taxes are also due in the amount of $2,765.52. See the Delinquent Tax Notice attached hereto.

7. The Debtors listed the value of the said real property as $200,000.00 on Schedule A of their bankruptcy schedules.

8. The Debtors list the land contract claim of Gary Plum(b) on Schedule D rather than on Schedule G and list nothing on Schedule G.

9. The Debtors' Plan Class 3, Executory Contracts lists "NONE" to be assumed or rejected.

10. Neither the Debtors nor the Trustee ever assumed the subject land contract, cured the unpaid property taxes and brought the land contract current as required by 11 USC 365.

11. Pursuant to the Debtors' Plan, "V. ADDITIONAL TERMS, CONDITIONS AND PROVISION" Section K states:

> "1. Any executory contract or unexpired lease **not expressly assumed** in Class 6.1 or in the Order Confirming Plan **shall be deemed rejected** effective as of the Effective Date of this Plan.
> 2. **Upon rejection** of any Executory Contract or Unexpired Lease, the property and debtor's interest in the rejected executory contract or unexpired lease **will no longer be property of the estate and the stay under 11 USC §362(a) and the co-debtor stay under 11 USC §1301 shall automatically terminate as to such property**. Any claims arising from the rejection of an executory contract or unexpired lease shall be treated as a general unsecured claim in Class Nine, subject to further Order of Court."
> (Emphasis added)

12. The Debtors are in default of their Modified Plan obligations as they have not made a

payment towards the land contract since September 2013. The Debtors are 12 payments of $1,300.00 behind on their land contract payments for a total of $15,600.00 plus 14 late charges of $60.00.

13. Pursuant to 11 U.S.C. 362(d)(1), the Court shall grant relief from the stay for cause which the Movant herein believes to exist as the land contract was to be paid outside the Plan and never assumed and cured. Further, the Debtors have not paid post-petition property taxes and are not making any land contract payments.

14. The amount presently due on the land contract is: Principal = $193,922.98 + Interest to 8-28-2014 = $15,682.50 + late charges of $840.00 equal a total presently due of $210.445.48.

15. The Debtors have no equity in the said real property as the total debt and taxes due exceeds the market value of the property.

16. The Lapeer County Treasurer has an interest in the subject real property.

17. Due to the continuing delinquency of the Debtors, their failure to assume the land contract and to keep the property taxes current, the Movant's position continues to deteriorate.

18. Once the stay is lifted, the Debtor will have minimal motivation to insure, preserve, or repair the collateral and therefore Movant requests that the Court waive the stay of order terminating the stay under Fed. R. Bankr. P. 4001(a)(3) so that Movant may proceed with his state court remedies to obtain possession of the property.

19. Pursuant to 11 U.S.C. 362(d)(2)(A) and (B), the Court shall grant relief from the stay if the Debtors do not have equity in the property and the property is not necessary for an effective reorganization.

20. Attached is a copy of the proposed Order Granting Relief from the Automatic Stay labeled as Exhibit "A":

WHEREFORE, Movants respectfully requests that the Court enter an Order Lifting the Automatic Stay for good cause shown pursuant to 11 U.S.C. & 362(d), that entry of the order shall be effective immediately upon entry, notwithstanding the provisions of FRBP 4001(a)(3), immediate payment of all real estate taxes due and whatever other relief the Court deems just and equitable.

Dated: August 29, 2014

By: *Martin W. Hable*
Martin W. Hable (P 27634)
Attorney for Gary Plumb and Nancy Plumb
235 W. Genesee St., Ste. B
Lapeer, MI 48446
(810) 667-7123
hablelaw@yahoo.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

In Re:
Jeffrey D. Hurley and
Lyn M. Hurley,
  Debtor(s).

Case No. 10-35686
Chapter 13
Honorable: Daniel Opperman

## ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

Movants, Gary Plumb and Nancy Plumb, by and through their attorney, Martin W. Hable having filed a Motion for Relief from the Automatic Stay with respect to certain real property which is subject to a land contract with the Debtors, commonly known as 5378 Wilson Rd., Columbiaville, MI 48421 which was not assumed by the Debtors and which is not necessary for an effective reorganization; and the Court being in receipt of the Motion and Affidavit and Certification of No Response; and the Court being advised in the premises orders as follows:

IT IS HEREBY ORDERED that the Automatic Stay as to the Movants, Gary Plumb and Nancy Plumb, is hereby lifted with respect to the real property commonly known as 5378 Wilson Rd., Columbiaville, MI 48421 which is the subject of a land contract between the Movants and the Debtors dated January 4, 2000 and Modified on January 19, 2010.

IT IS FURTHER ORDERED that this order shall be effective immediately upon entry, notwithstanding the provisions of FRBP 4001(a)(3).

IT IS FURTHER ORDERED that this order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Bankruptcy Code.

## EXHIBIT A - PROPOSED ORDER

DANA M. MILLER  
LAPEER COUNTY TREASURER  
255 CLAY STE 303  
LAPEER MI 48446

You may contact us at (810) 667-0239  
Monday thru Friday 8am-4:30pm  
or by email:  
treasurer@lapeercounty.org  
WWW.LAPEERCOUNTYWEB.ORG/TREASURER

Please inform your local assessor if the name and address shown below are incorrect

| Due if paid by | Amount |
|---|---|
| 07/31/14 | 4899.68 |
| 08/31/14 | 4936.97 |
| 09/30/14 | 4974.27 |

013-029-002-00  
HURLEY JEFF & LYN

5378 WILSON RD  
COLUMBIAVILLE    MI    48421

## Delinquent Tax Notice
### Lapeer County, Michigan

Printed: 07/25/14

Please contact our office for additional information if you would like the option to pay by credit card.

*Please make your check payable to LAPEER CO TREASURER and return the top portion of this notice. Thank You  
**NSF FEE:$25 plus fees. If NSF check results in a parcel missing publication deadline, the fee is $400**  
***PLEASE VERIFY YOUR TAX DESCRIPTION, TREASURER IS NOT RESPONSIBLE FOR PAYMENT ON INCORRECT PARCEL***

### **Delinquent Taxes Due**

| Tax Year | Base Tax | Total Due If Paid By 07/31/14 | Total Due If Paid By 08/31/14 | Total Due If Paid By 09/30/14 |
|---|---|---|---|---|
| 2013 | 1,989.87 | 2,168.95 | 2,188.85 | 2,208.75 |
| 2009 | 1,739.32 | 2,730.73 | 2,748.12 | 2,765.52 |
| TOTAL | 3,729.19 | 4899.68 | 4936.97 | 4974.27 |

If you have already paid this amount please disregard this notice  
Full or partial payments may be made to the Lapeer County Treasurer's Office at any time. Amounts due are correct as of today's date, additional fees will be added as they accrue. Call (810)667-0239.

### Deadlines and Fees Time Line - 2013 Property Taxes

| | |
|---|---|
| Jul/Dec 2013: | 2013 property taxes billed by local treasurer |
| Mar 1, 2014: | Unpaid 2013 property taxes are forwarded to the County for collection. A 4% admin fee and 1% interest per month are added. |
| Oct 1, 2014: | A $15 Statutory Fee is added. |
| Mar 1, 2015: | All properties with delinquent taxes are Forfeited to the County Treasurer. A $175 Forfeiture Fee is added plus $20 recording fees, 7 1/2% additional interest and mailing,service and other fees as required. |
| Oct-Dec 2015: | Approx.$125 fees added for visit, mailing, publication. |
| Feb. 2016: | Circuit Court enters a Judgment of Foreclosure. Title to the property passes to the County April 1, 2016. |

### **Property Information**

**Property Number:** 013-029-002-00  
**School Dist:** 25280    LAKEVILLE SCHOOLS  
**Owner Name:** HURLEY JEFF & LYN  
**Property Address:** 5378 WILSON RD  
COLUMBIAVILLE

**Tax Description:**

T9N R9E SEC 29 PART OF SE 1/4 OF NW 1/4 & SW 1/4 OF NE 1/4 BEG 2047.37 W OF E 1/4 POST, TH W 1872.18 FT, TH N 1328.43 FT, TH E 2606.4 FT, TH S 1012.34 FT TH W 445.22 FT TH S 106.69 FT, TH W 296.25 FT, TH S 208.75 FT TO P.O.B. AND FROM E 1/4 CORNER W 1266.25 FT TO POB TH W 33.01 FT TH N 314.85 FT TH W 2.85 FT TH N  85.23 TH E 34.40 FT TH S 400.10 FT TO POB 75.22 ACRES PARCELS A & B  
*** BALANCE OF DESCRIPTION ON FILE ***

### Property Foreclosure Time Line - 2012 Property Taxes

| | |
|---|---|
| Jul/Dec 2012: | 2012 property taxes billed by local treasurer. |
| Mar 1, 2013: | Unpaid 2012 property taxes are forwarded to the County for collection. A 4% admin fee and 1% interest per month are added. |
| Oct 1, 2013: | A $15 Statutory Fee is added. |
| Mar 1, 2014: | All properties with delinquent taxes are Forfeited to the County Treasurer. A $175 Forfeiture Fee is added plus $20 recording fees, 7 1/2% additional interest, and mailing,service and other fees as required. |
| Oct-Dec 2014: | Approx.$125 fees added for visit, mailing, publication. |
| Feb. 2015: | Circuit Court enters a Judgment of FORECLOSURE. Title to the property passes to County April 1, 2015. YOU CANNOT GET IT BACK! |
| July/Aug 2015: | Property is sold at public auction. |

EVERYONE who holds a legal interest in the property MAY LOSE THAT INTEREST as result of the FORFEITURE and subsequent FORECLOSURE PROCEEDINGS. Your name on this notice DOES NOT indicate ownership. You may have received this notice because records show you have an INTEREST or LIEN of some kind in the property.

**Check Processing Information** In accordance with Federal Reserve Board guidelines, checks that you send for payment may be processed electronically. This means checks generally clear faster, banks no longer return checks and bank statements are valid proof of payment.



LAND CONTRACT

## BLUE WATER TITLE COMPANY

| 38800 VAN DYKE | 325 HURON AVENUE | 350 N. COURT, SUITE 212 | |
| STERLING HEIGHTS, MI 48312 | PORT HURON, MI 48060 | LAPEER, MI 48446 | Land Contract |
| (810) 978-0524 | (810) 989-9400 | (810) 664-4234 | |
| 1-800-875-BLUE | 1-800-886-BWTC | 1-800-968-BWTC | Form 1571 |

rties

This Contract, Made this 4TH day of , 2000

between GARY D. PLUMB, A SINGLE MAN AND NANCY M. PLUMB, AS TENANTS IN COMMON.

hereinafter referred to as "Seller", whose address is
    4787 NORTH LAKE ROAD    COLUMBIAVILLE, MI 48421

and JEFF HURLEY AND LYN HURLEY, HIS WIFE

hereinafter referred to as the "Purchaser", whose address is
    345 E. OREGON    LAPEER, MI 48446

Witnesseth:

scription
Land

1. SELLER AGREES:
(a) To sell and convey to the Purchaser land in the TOWNSHIP of MARATHON
County of LAPEER    Michigan, described as:
(Continued)
    PARCEL A. AND PARCEL B:
    SEE ATTACHED RIDER FOR LEGAL DESCRIPTION.

rms of
yment

hereinafter referred to as "the land", together with all tenements, hereditaments, improvements and appurtenances, including all lighting fixtures, plumbing fixtures, shades, Venetian blinds, curtain rods, storm windows, storm doors, screens, awnings, and

now on the land, subject to any applicable building and use restrictions and to any easements affecting the land.
(b) That the full consideration for the sale of the land to Purchaser is:
 Two hundred twenty five thousand dollars and no cents
($225,000.00        ) dollars, of which the sum of Thirty thousand dollars and no cent
($30,000.00         ) dollars, has been paid to Seller prior to the delivery hereof, the receipt of which is hereby acknowledged, and the additional sum of One hundred ninety five thousand dollars and no cen
($195,000.00        ) dollars, is to be paid to Seller, with interest on any part thereof at any time unpaid at the rate of 8.0000% ) per cent per annum while Purchaser is not in default, and at the rate of ( 8.00   %)

per cent per annum, computed upon the balance of the purchase price then unpaid, during the period of any default in payment. Such additional purchase money and interest is to be paid in monthly installments of
    One thousand three hundred dollars and no cents$    1,300.00           )
dollars each, or more at Purchaser's option, on the  4TH day of each month, beginning FEBRUARY 4, 2000
such payments to be applied first upon interest and the balance on principal. All of the purchase money and interest shall, however, be fully paid within  10  years from the date hereof, anything herein to the contrary notwithstanding.
                              L-5716

ller's
ty to
nvey

(c) To execute and deliver to Purchaser or his assigns, upon payment in full of all sums owing hereon, less the amount then owing on any unpaid mortgage or mortgages, and the surrender of the duplicate of this contract, a good and sufficient warranty deed conveying title to the land, subject to abovementioned restrictions and easements and to any then unpaid mortgage or mortgages, but free from all other encumbrances, except such as may be herein set forth, or shall have accrued or attached since the date hereof through the acts or omissions of persons other than Seller or his assigns.

| | |
|---|---|
| Furnishing, Evidence of Title | (d) To deliver to Pur   r an owner's policy of title insurance issue   Blue Water Title Company, which policy insures the Purchaser's interest in the premises. |
| Purchaser's Duties | **2. PURCHASER AGREES:**<br>(a) To purchase the land and pay Seller the sum aforesaid, with the interest thereon as above provided. |
| Maintenance of Premises | (b) To use, maintain and occupy the land in accordance with any and all building and use restrictions applicable thereto. |
| | (c) To keep the premises in accordance with all police, sanitary and other regulations imposed by any governmental authority. |
| | (d) To keep and maintain the land and all the buildings thereon in as good condition as they are at the date hereof and not commit waste, remove or demolish any improvements thereon, or otherwise diminish the value of Seller's security, without the written consent of Seller. |
| To Pay Taxes and Keep Premises Insured | (e) To pay all taxes and special assessments hereafter levied on the land before any penalty for non-payment attaches thereto, and submit receipts to Seller upon request, as evidence of payment thereof; and also at all times to keep the buildings now or hereafter on the land insured against loss and damage, in manner and to an amount approved by Seller, and to deliver the policies as issued to Seller with the premiums fully paid. |
| Alternate Payment Method | *If the amount of the estimated monthly cost of taxes, special assessments and insurance is inserted in following Paragraph 2(f), then the method of payment of these items therein indicated shall be adopted. If such an amount is not inserted, then Paragraph 2(f) shall be of no effect and the method of payment provided in Paragraph 2(e) shall be effective.* |
| Insert amount if advance monthly installment method of tax and insurance payment is to be adopted | (f) To pay monthly in addition to the monthly payment hereinbefore stipulated, the sum of ($ DOES NOT APPLY ) dollars, which is an estimate of the monthly cost of the taxes, special assessments and insurance premiums for the land, which shall be credited by Seller on the unpaid principal balance owing on the contract. If Purchaser is not in default under the terms of this contract, Seller shall pay for Purchaser's account the taxes, special assessments and insurance premiums mentioned in Paragraph 2(e) above when due and before any penalty attaches, and submit receipts therefor to Purchaser upon demand. The amounts so paid shall be added to the principal balance of this contract. The amount of the estimated monthly payment under this paragraph, may be adjusted from time to time so that the amount received shall approximate the total sum required annually for taxes, special assessments and insurance. This adjustment shall be made on demand of either of the parties and any deficiencies shall be paid by Purchaser upon Seller's demand. |
| Acceptance of Title and Premises | (g) That he has examined a title insurance commitment issued by Blue Water Title Company which commits to insure his interest in the premises, and is satisfied with the marketability of title shown thereby. Delivery of such title policy to Purchaser shall constitute fulfillment of Seller's agreement herein to furnish title evidence. |
| | (h) That he has examined the land and is satisfied with the physical condition of any structure thereon, and hereby waives any and all claims on account of any encroachments on the land or on any premises adjacent thereto. |
| | **3. SELLER AND PURCHASER MUTUALLY AGREE:** |
| Mortgage by Seller or Purchaser | (a) That Seller may at any time encumber the land by mortgage or mortgages to secure not more than the balance owing hereon at the time such mortgage or mortgages are executed, which mortgage or mortgages shall provide for payments of principal and/or interest not in excess of nor sooner than those provided for in this contract, and shall be a first lien upon the land superior to the rights of Purchaser therein; provided notice of the execution of said mortgage or mortgages containing the name and address of the mortgagee or his agent, the amount of such mortgage or mortgages, and the rate of interest and maturity of the principal and interest shall be sent to Purchaser by certified mail promptly after execution thereof. Purchaser shall, on demand of the Seller, execute any instruments that may be required for the exercise of the foregoing power. If Purchaser shall refuse to execute any such instruments demanded by Seller or to accept such certified mail, or such certified mail shall be returned unclaimed, then Seller may post such notice in two conspicuous places on the land, and make affidavit of such facts and of such posting, after which Purchaser's rights shall be subordinated to said mortgage or mortgages as hereinbefore provided. The consent obtained, or subordination effected as herein provided, under or by virtue of the foregoing power, shall extend to any and all renewals, extensions or amendments of said mortgage or mortgages after Seller has given notice thereof to Purchaser in like manner as is herein provided for giving notice of the execution of said mortgage or mortgages, except as to amendments which would increase the mortgage amount to one in excess of that owing hereon, or provide for a rate of interest in excess of that provided or a maturity date sooner than provided herein. |
| Encumbrances on Seller's Title | (b) That if the title of Seller is evidenced by land contract or now or hereafter encumbered by mortgage, Seller shall meet the payments of principal and interest thereon as they mature and produce evidence thereof to Purchaser on demand. On Seller's default Purchaser may pay the same, which payments shall be credited on the sums matured or first maturing hereon with interest at 8 % per annum on payments so made. If proceedings are commenced to recover possession of the land or to |

enforce the payment of contract or mortgage, because of Seller's default, Purchaser may at any time thereafter while such proceedings are pending encumber the land by mortgage securing such sums as can be obtained upon such terms as may be required and with the proceeds pay and discharge such mortgage or purchase money lien, and any mortgage so given shall be a first lien upon the land superior to the rights of the Seller therein. Thereafter Purchaser shall pay the principal and interest on such mortgage so given as they mature, which payments shall be credited on the sums matured or first maturing hereon. When the amount owing hereon is reduced to that owing upon such contract or mortgage or upon any mortgage executed under either of the powers contained in this contract, a conveyance shall be made in the form above provided with a covenant by the grantee to assume and pay the same.

The following applies if the premises are subject to a mortgage:
SELLER UNDERSTANDS THAT CONSUMMATION OF THE SALE OR TRANSFER OF THE PROPERTY DESCRIBED IN THIS AGREEMENT SHALL NOT RELIEVE THE SELLER OF ANY LIABILITY THAT SELLER MAY HAVE UNDER THE MORTGAGE(S) TO WHICH THE PROPERTY IS SUBJECT, UNLESS OTHERWISE AGREED TO BY THE LENDER OR REQUIRED BY LAW OR REGULATION.

**Non-payment of Taxes or Insurance**

(c) That if default is made by Purchaser in the payment of any tax or special assessment or insurance premiums or in the delivery of insurance as above provided, Seller may pay such tax, special assessment or premiums or procure such insurance and pay the premiums therefor, and any amount so paid shall be a further lien on the land payable by Purchaser to Seller forthwith with interest at 8.000 % per annum. This provision shall be effective only if Paragraph 2 (e) applies.

**Disposition of Insurance Proceeds**

(d) That during the existence of this contract, any proceeds received from a hazard insurance policy covering the land shall first be used to repair the damage and restore the property, with the balance of such proceeds, if any, being distributed to Seller and Purchaser, as their interests may appear.

**Assignment by Purchaser**

(e) That Purchaser may at any time assign his interest in the premises as security and, in conjunction with such assignment, mortgage his interest in the premises. Purchaser may also assign his full right and title to the premises. That no assignment or conveyance by Purchaser shall create any liability whatsoever against Seller until a duplicate thereof duly witnessed and acknowledged, containing the residence address of the assignee, shall be delivered either personally or by certified mail to Seller and receipt therefor obtained. Purchaser's liability hereunder shall not be released or affected in any way by delivery of such assignment, or by Seller's endorsement of receipt or acceptance thereon.

**Possession**

(f) That Purchaser shall have the right to possession of the land from and after the date hereof, unless otherwise herein provided, and be entitled to retain possession thereof only so long as there is no default on his part in carrying out the terms and conditions hereof. If the land is vacant or unimproved, Purchaser shall be deemed to be in constructive possession only, which possessory right shall cease and terminate after service of a notice of forfeiture of this contract. Erection of signs by Purchaser on vacant or unimproved property shall not constitute actual possession by him.

**Right to Forfeiture**

(g) That should Purchaser fail to perform this contract or any part thereof, Seller immediately after such default shall have the right to declare this contract forfeited and void, and retain whatever may have been paid hereon, and all improvements that may have been made upon the land, together with additions and accretions thereto, and consider and treat Purchaser as his tenant holding over without permission and may take immediate possession of the land, and Purchaser and each and every other occupant remove and put out. If service of a notice of forfeiture is relied upon by Seller to terminate rights hereunder, a notice of intention to forfeit this contract shall have been served at least fifteen (15) days prior thereto.

**Acceleration Clause**

(h) That if proceedings are taken to enforce this contract by equitable action, after Purchaser shall have been in default for a period of forty-five (45) days or more, the entire amount owing hereon shall be due and payable forthwith, anything herein contained to the contrary notwithstanding.

**Notice to Purchaser**

(i) That time shall be deemed to be of the essence of this contract.

(j) That any declarations, notices or papers necessary or proper to terminate, accelerate or enforce this contract shall be conclusively presumed to have been served upon Purchaser if such instrument was enclosed in an envelope with postage fully prepaid, addressed to Purchaser at the address set forth in the heading of this contract or at the latest other address which may have been specified by Purchaser and receipted for in writing by the Seller, and such envelope was deposited in the United States government mail.

**Additional Clauses**

(k) 1. PURCHASERS MAY ASSIGN THEIR INTEREST IN THE LAND CONTRACT TO A YET TO BE FORMED MICHIGAN LIMITED LIABILITY COMPANY (LLC). IF SUCH AN ASSIGNMENT DOES OCCUR, PURCHASERS SHALL REMAIN LIABLE TO SELLERS FOR ALL AMOUNTS OWED UNDER THE LAND CONTRACT.

2. FOR EACH $3,000.00 ADDITIONAL PRINCIPAL PAYMENT MADE DURING THE TERM OF THE LAND CONTRACT BY THE PURCHASERS, OR THEIR ASSIGNS, SELLERS SHALL PROVIDE TO PURCHASERS, OR THEIR ASSIGNS, A DISCHARGE OF LAND CONTRACT INTEREST IN ONE ACRE OF LAND BY WARRANTY DEED. PURCHASERS, OR THEIR ASSIGNS, SHALL HAVE THE SOLE
(Continued)

DISCRETION IN DETERMINING WHICH ACRE(S) ARE BEING RELEASED UPON PAYMENT OF THE ADDITIONAL PRINCIPAL.

3. PURCHASERS, OR THEIR ASSIGNS SHALL ACQUIRE ALL MINERAL RIGHTS IN THE LAND PURCHASED FROM SELLERS.

4. PURCHASER IS IN RECEIPT OF A BOUNDARY SURVEY.

5. ANY PAYMENT UNDER THE PROPOSED LAND CONTRACT THAT IS MORE THAN 15 DAYS LATE FROM THE DUE DATE, SHALL BE SUBJECT TO A $60.00 LATE PAYMENT FEE.

6. It is mutually understood that the monthly payments specified in this contract are insufficient to pay the land contract obligation in full within the terms hereof and that there will be a balloon payment due from purchaser(s) upon completion of said terms.

    No representations, oral or otherwise, have been made by Blue Water Title Company, seller(s) and/or their agents as to the future availability of alternative financing which may be required to fully pay the obligation owing at the end of the terms of this land contract.

| Dower Rights | If the wife of Seller has any dower rights in the land, she agrees, by joining in the execution of this contract, to join in executing the deed to be given in fulfillment hereof. |
|---|---|
| Capacity of Parties | Any individual parties hereto represent themselves to be of full age. Any corporate parties hereto represent themselves to be existing corporations with their charters in full force and effect. |
| Interpretation of Contract | The pronouns and relative words herein used are written in the masculine and singular. If, however, more than one person joins in the execution hereof as Seller or Purchaser, or either party be of the feminine sex or a corporation such words shall be read as if written in plural, feminine or neuter, respectively. The covenants herein shall bind the heirs, devisees, legatees, successors and assigns of the respective parties. |
| | Signed, sealed and delivered by the parties in duplicate the day and year first above written. |
| | IN PRESENCE OF: |
| Signatures | *[signature]* Suzanne Macey / *[signature]* Gary D. Plumb (L.S.)<br>GARY D. PLUMB<br><br>*[signature]* Nancy M. Plumb (L.S.)<br>NANCY M. PLUMB<br><br>*[signature]* Jack E. Tindall / *[signature]* Jeff Hurley (L.S.)<br>JEFF HURLEY<br><br>*[signature]* Lyn Hurley (L.S.)<br>LYN HURLEY |

STATE OF MICHIGAN
                      ss.
County of LAPEER

<table>
<tr><td>Individual Acknowledgment</td><td>On this 4TH day of JANUARY, 2000 before me appeared GARY D. PLUMB, a single man AND NANCY M. PLUMB, AS TENANTS IN COMMON<br>JEFF HURLEY AND LYN HURLEY, HIS WIFE<br><br>to me known to be the persons described in and who executed the foregoing instrument and acknowledged that THEY executed the same as THEIR free act and deed.<br>My commission expires 1-6-03<br><br>*[signature]* Jack E. Tindall<br>Notary Public<br>Lapeer County, Michigan</td></tr>
</table>

STATE OF MICHIGAN
                      ss.
County of

<table>
<tr><td>Use this Acknowledgment Form for Corporations</td><td>On this day of before me appeared<br><br>to me personally known, who being by me sworn, did (1)<br><br>say that (2) the of the corporation named in and which executed the within instrument, and that the seal affixed to said instrument is the corporate seal of said corporation, and that said instrument was signed and sealed in behalf of said corporation by authority of its board of directors; and said<br><br>acknowledged said instrument to be the free act and deed of said corporation.<br><br>_____<br>Notary Public<br>County, Michigan<br><br>My commission expires</td></tr>
</table>

Note: If more than one officer acknowledges insert at (1) "each for himself," and (2) "they are respectively"

Instrument Drafted by: JACK TINDALL      Business Address: 778 S. MAIN STREET<br>LAPEER, MICHIGAN 48446

## LEGAL DESCRIPTION RIDER

PARCEL "A"
THE SOUTHEAST 1/4 OF THE NORTHWEST 1/4 AND PART OF SOUTHWEST 1/4 OF THE NORTHEAST 1/4 OF SECTION 29, TOWN 9 NORTH-RANGE 9 EAST, MARATHON TOWNSHIP, LAPEER COUNTY, MICHIGAN: DESCRIBED AS COMMENCING AT THE EAST 1/4 CORNER OF SAID SECTION; THENCE NORTH 89 DEGREES 37 MINUTES 18 SECONDS WEST 2047.37 FEET ALONG THE EAST-WEST 1/4 LINE OF SAID SECTION TO THE POINT OF BEGINNING; THENCE CONTINUING NORTH 89 DEGREES 37 MINUTES 18 SECONDS WEST 567.62 FEET ALONG SAID EAST-WEST 1/4 LINE TO THE INTERIOR 1/4 CORNER OF SAID SECTION; THENCE CONTINUING NORTH 89 DEGREES 39 MINUTES 20 SECONDS WEST 1304.56 FEET ALONG SAID EAST-WEST 1/4 LINE TO THE WEST LINE OF THE SOUTHEAST 1/4 OF THE NORTHWEST 1/4 OF SAID SECTION AS PREVIOUSLY SURVEYED; THENCE NORTH 00 DEGREES 19 MINUTES 43 SECONDS EAST 1328.43 FEET ALONG SAID WEST LINE TO THE NORTH LINE OF THE SOUTHEAST 1/4 OF THE NORTHWEST 1/4 OF SAID SECTION; THENCE SOUTH 89 DEGREES 38 MINUTES 03 SECONDS EAST 1302.16 FEET ALONG SAID NORTH LINE TO THE NORTH-SOUTH 1/4 LINE OF SAID SECTION; THENCE SOUTH 89 DEGREES 35 MINUTES 04 SECONDS EAST 1304.24 FEET ALONG THE NORTH LINE OF THE SOUTHWEST 1/4 OF THE NORTHEAST 1/4 OF SAID SECTION TO THE EAST LINE OF THE SOUTHWEST 1/4 OF THE NORTHEAST 1/4 OF SAID SECTION; THENCE SOUTH 00 DEGREES 05 MINUTES 05 SECONDS WEST 1012.34 FEET ALONG SAID EAST LINE; THENCE NORTH 89 DEGREES 37 MINUTES 02 SECONDS WEST (RECORDED AS NORTH 89 DEGREES 37 MINUTES 18 SECONDS WEST) 445.22 FEET; THENCE SOUTH 00 DEGREES 12 MINUTES 18 SECONDS EAST 106.69 FEET; THENCE NORTH 89 DEGREES 37 MINUTES 18 SECONDS WEST 296.25 FEET; THENCE SOUTH 00 DEGREES 12 MINUTES 18 SECONDS EAST 208.13 FEET (RECORDED AS 208.75 FEET) TO THE POINT OF BEGINNING. INCLUDING THAT PART RESERVED FOR WILSON ROAD SO-CALLED. SUBJECT TO ANY RESTRICITONS, EASEMENTS AND RIGHT OF WAYS OF RECORD.

PARCEL "B"
PART OF THE SOUTHEAST 1/4 OF THE NORTHEAST 1/4 OF SECTION 29, TOWN 9 NORTH-RANGE 9 EAST, MARATHON TOWNSHIP, LAPEER COUNTY, MICHIGAN; DESCRIBED AS COMMENCING AT THE EAST 1/4 CORNER OF SAID SECTION; THENCE NORTH 89 DEGREES 37 MINUTES 18 SECONDS WEST 1266.25 FEET ALONG THE EAST-WEST 1/4 LINE OF SAID SECTION TO THE POINT OF BEGINNING; THENCE CONTINUING NORTH 89 DEGREES 37 MINUTES 18 SECONDS WEST 33.01 FEET ALONG SAID EAST-WEST 1/4 LINE; THENCE NORTH 00 DEGREES 53 MINUTES 39 SECONDS WEST 314.85 FEET (RECORDED AS NORTH 00 DEGREES 54 MINUTES 15 SECONDS WEST 315.12 FEET); THENCE NORTH 89 DEGREES 37 MINUTES 02 SECONDS WEST (RECORDED AS NORTH 89 DEGREES 37 MINUTES 18 SECONDS WEST) 2.85 FEET TO THE EAST LINE OF THE SOUTHWEST 1/4 OF THE NORTHEAST 1/4 OF SAID SECTION; THENCE NORTH 00 DEGREES 05 MINUTES 05 SECONDS EAST 85.23 FEET ALONG SAID EAST LINE; THENCE SOUTH 89 DEGREES 37 MINUTES 18 SECONDS EAST 34.40 FEET; THENCE SOUTH 00 DEGREES 53 MINUTES 39 SECONDS EAST 400.10 FEET TO THE POINT OF BEGINNING. INCLUDING THAT PART RESERVED FOR WILSON ROAD SO-CALLED. SUBJECT TO ANY RESTRICTIONS, EASEMENTS AND RIGHT OF WAYS OF RECORD.

The Grantor grants to the Grantee the right to make ___8___ division(s) under Section 108 of the Land Division Act, Act No. 288 of the Public Acts of 1967.

This property may be located within the vicinity of farmland or a farm operation. Generally accepted agricultural and management practices which may generate noise, dust, odors, and other associated conditions may be used and are protected by the Michigan Right to Farm Act.

# MODIFICATION OF LAND CONTRACT

THIS AGREEMENT is made this _____ day of January, 2010, by and between Gary D. Plumb, a single person, whose address is 4765 N. Lake Road, Columbiaville, Michigan 48421, and Nancy M. Plumb, a single person, whose address is _1235 Baldwin Rd, Lapeer, MI_, hereinafter referred to as "Sellers" and Jeff Hurley and Lyn Hurley, husband and wife, whose address is 5378 Wilson Road, Columbiaville, MI 48421 hereinafter referred to as "Purchasers".

WHEREAS, the Sellers and Purchasers entered into and executed a Land Contract dated January 4, 2000, a copy of said contract is attached hereto as Exhibit A.

WHEREAS, the January 4, 2000, land contract was to be paid in full within ten years, which would be January 4, 2010.

WHEREAS, Purchasers are unable to make the balloon payment necessary to satisfy the terms of this Agreement and have requested that Sellers extend the Land Contract for an additional three (3) years.

WHEREAS, Sellers have agreed to extend the Land Contract given certain conditions.

NOW, THEREFORE, in consideration of the terms and promises made herein, the parties agree as follows:

1. The current principal balance is One Hundred Ninety Three Thousand Nine Hundred Twenty-Two and Ninety-eight Cents ($193,922.98) and that interest is paid only to November 11, 2009. Further, the 2008 taxes are due and owing.

   a. The Land Contract shall be modified only to the extent that all purchased money and interest or other financial obligations due under the terms of the January 4, 2000 Land Contract shall be paid in full on or about January 3, 2013.

   b. Account history ledger from Lapeer County Bank & Trust, Account #1001771, attached hereto as Exhibit B., has been reviewed by the parties and all payments, charges, and the calculations are correct and accurate.

   c. The only payments that Purchasers have made to the January 4, 2000, was the initial Thirty Thousand ($30,000.00) Dollar down payment, which was applied at the time the parties' entered into the Land Contract, and that no additional payments have been made except for those reflected on the file and records of Lapeer County Bank & Trust.

   d. Purchasers shall pay the 2008 taxes in full on or before February 15, 2010 and payment to Sellers forthwith.

2. The next paragraph in full is expressly understood by Sellers and Purchasers that in all other terms and respects the terms and conditions of the original Land Contract dated January 4, 2000, shall remain in full force and effect, except for those provisions that are specifically modified by the terms of this Modification of Land Contract.

IN WITNESS WHEREOF the parties have executed this Modification of Land Contract on the day and year first written above.

WITNESSES:                                                          SELLERS:

_Francisco A. Antonelli_                                            _Gary D. Plumb_
Francisco A. Antonelli                                              Gary D. Plumb

                                                                    _Nancy M. Plumb_
                                                                    Nancy M. Plumb

The foregoing instrument was acknowledged before me this 8th day of January, 2010, by Gary D. Plumb and Nancy M. Plumb, Sellers.

_Ann Marie Heik_
Ann Marie Heik, Notary Public
Lapeer County, Michigan
My Commission Expires: 11-18-2011

WITNESSES:                                                          PURCHASERS:

_Francisco A. Antonelli_                                            _Jeff Hurley_
Francisco A. Antonelli                                              Jeff Hurley

                                                                    _Lyn Hurley_
                                                                    Lyn Hurley

The foregoing instrument was acknowledged before me this 19th day of January, 2010, by Jeff Hurley and Lyn Hurley.

_Diane K. Bliss_
Diane K. Bliss, Notary Public
Lapeer County, Michigan
My Commission Expires: 06/06/2010

**Drafted by and return to:**
Frank A. Antonelli (P30635)
036 S. Main Street, Lapeer, MI 48446  (810) 667-____